# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3997 | **DATE** | July 21, 2008 |
| **CASE TITLE** | Stanley A. Slupkowski (#19289-083) v. United States of America, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff failed to pay the required filing fee and did not file a motion for leave to proceed *in forma pauperis*. For the reasons set forth in this order, the Court need not further consider the consequences of Plaintiff's oversight concerning the filing fee. Plaintiff need not pay the filing fee or any portion thereof, because this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). Plaintiff's motions [3], [4], [5], [6] are denied.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Stanley A. Slupkowski, currently an inmate at the Federal Medical Center in Rochester, Minnesota, brings this *pro se* action against multiple Defendants, including the Bureau of Prisons, the Marine Corps, the Director of Naval Reserve for Navy Pier, individual United States Marines and Recruiting Officers, the FBI, and the Clerk of Court for the Northern District of Illinois (amongst others). Plaintiff is civilly committed under 18 U.S.C. §§ 4246 and 4247. See *Slupkowski v. United States*, No. 5:07-ct-03010-H (E.D.N.C. Apr. 18, 2007) (Howard, J.)). The Prison Litigation Reform Act accordingly does not apply to him.

According to the U.S. Party/Case Index, Plaintiff has brought 38 cases in various courts around the country since 2004. Most of the cases have been found to be frivolous. See*, e.g., Slupkowski v. United States*, No. 5:07-ct-03010-H (E.D. N.C. Apr. 18, 2007) (Howard, J.); *Slupkowski v. Dept. of U.S. Navy*, No. 4:07-cv-00760-FJG (W.D. Mo. Oct. 20, 2007) (Gaitan, J.); and *Slupkowski v. United States Inspector General*, No. 8:07-cv-00079-PJM (S.D. Md. Jan. 17, 2007) (Messitte, J.).

Plaintiff's complaint, as best as can be discerned, alleges that he is the victim of a conspiracy, beginning in 1946 when he arrived in the United States under the United Nations Displaced Persons Orphan Program of World War II. In support of his conspiracy claim, Plaintiff includes multiple paragraphs of "background" relating to: (1) multiple wars, including Plaintiff's views of the purpose of those wars; (2) family members and others who had wrongful custody of Plaintiff; and (3) Plaintiff's contention that he is the individual who was supposed to assassinate President Kennedy.

JJD

**STATEMENT**

Plaintiff also has filed: (1) a motion for transferring proceedings to the District of Columbia, (2) a motion for a restraining order, and (3) "a motion to establish communications with your office for legal proceedings in the metropolitan area of the District of Columbia that pertain to the Department of Navy these proceedings do not have or have ever been involved the Bureau of Prisons or Public Health Service." Those motions are brought against Defendants not identified in the complaint and contain additional irrational allegations. For example, one motion alleges that Plaintiff's foster uncle used Lockheed Martin Aircraft Corporation and its influences to harass and obstruct Plaintiff's life through the United States Military, the Archdiocese of the Catholic Church, police departments, the United States Senate and House of Representatives, and other governments worldwide.

The Supreme Court emphasized in *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), that the term frivolous as used in § 1915(d) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Federal courts are thus empowered to summarily dismiss as frivolous "claims describing fantastic or delusional scenarios." *Id*. at 328. Plaintiff's complaint falls squarely within *Neitzke*'s purview. Because the Court cannot discern any arguable legal basis for the complaint, this action is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and all pending motions are denied.